No. 15,415.

IN RE INTERROGATORIES OF THE GOVERNOR.
(141 P. [2d] 899)

Reply filed September 27, 1943.

*En Banc.*

Mr. Chief Justice Young delivered the opinion of the court.

A proceeding under section 3 of article VI of the Constitution of Colorado, which, in so far as here pertinent provides: "The supreme court shall give its opinion upon important questions upon solemn occasions when required by the governor, the senate, or the house of representatives; * *."

His Excellency, the Governor of Colorado, has submitted to this court certain interrogatories. As in all such original proceedings invoking our jurisdiction under this provision of the Constitution, the first question presented is whether the questions are "important" and

arise out of a "solemn occasion" within the intent and meaning of such expressions.

Before setting forth the questions we deem it desirable, to the end that a clear understanding may be had of their import, to detail generally the situation out of which they arise. The Thirty-fourth General Assembly passed an act known as House Bill No. 419, entitled: "To Provide for a Veterans Service Officer, for Ex-service Men and Women and Ex-service Organizations in Colorado." S.L. '43, p. 579. The act was approved by the Governor. It provides for the appointment of such officer by the governor; fixes his salary; provides that he shall be an ex-service man; that he shall be appointed from a list of five submitted by a committee made up of the members of specified veterans organizations, with the further provision that when so appointed he shall be an employee of the State of Colorado and shall have the status and all the rights, privileges and benefits to which civil service employees of the state are entitled.

We are advised in the statement of facts submitted with the interrogatories that the Governor has made an appointment pursuant to such statute and that the Civil Service Commission claims that the office should be filled as are other civil service positions, and it has questioned the constitutionality of the act under the provisions of which the appointee of the Governor is to serve and his right to receive compensation as such officer. This situation furnishes the background of submitted interrogatories 1 and 2.

The Civil Service Commission assertedly, pursuant to the authority contained in article XII, section 13 of the Constitution of Colorado, has promulgated and is attempting to enforce certain rules with reference to temporary, emergency and provisional appointments, and defining such terms where no lists of those having taken a civil service examination are available. Certain other rules similarly promulgated relate to: The fixing of salary schedules; conditions of advancement; limitations on

the period of service of temporary, emergency and provisional appointees, and denying to such appointees annual leave; restrictions on civil service employees engaging in political activities, and the requirement of a monthly certification by the commission of those employed before salary payments be made to them, and the withholding of certification of the entire payroll if in the opinion of the commission a deliberate attempt has been made to circumvent the enforcement of article XII, section 13 of the Constitution of Colorado, the civil service law and the commission's rules.

The foregoing statement, together with the interrogatories, sufficiently disclose the factual situation out of which the interrogatories, other than 1 and 2, arise. The interrogatories are as follows:

"First: Are the provisions of Section 2, House Bill No. 419, entitled 'To Provide for a Veterans Service Officer for Ex-Service Men and Women and Ex-Service Organizations in Colorado,' enacted by the Thirty-Fourth General Assembly of the State of Colorado and approved March 26, 1943, in violation of Article XII, Section 13 of the Constitution of Colorado in so far as the method of appointment of a Veteran's Service Officer is concerned?

"Second: Does the fixing of the qualifications prescribed for eligibility to appointment as Veterans Service Officer as set forth by and in Section 2 of said House Bill No. 419 violate Article XII, Section 13 of the Constitution of Colorado?

"Third: When authorizing temporary employment without a competitive test in cases of emergency or for employment of an essentially temporary character is the Civil Service Commission also authorized to limit the length of time such employee shall be employed as provided in Sections 2, 3 and 4, Article VIII of the Rules and Regulations of the Commission hereinabove quoted?

"Fourth: When the employee appointed is not in the classified service and after temporary employment of

such employee without a competitive test has been authorized in cases of emergency or for employment of an essentially temporary character does Article XII, Section 13 of the Constitution confer any jurisdiction upon the Civil Service Commission over such temporary employee while thus employed?

"Fifth: In each case where the Civil Service Commission has furnished a certificate that the appointment of a person in the classified service has been made pursuant to law does Article XII, Section 13 of the Constitution of Colorado require an additional certification by the Commission of the same appointment as a prerequisite to each payment of compensation to such employee?

"Sixth: Does Article XII, Section 13 of the Colorado Constitution confer upon the Civil Service Commission the authority to establish by rule and enforce the provisions of the last paragraph of Article XVII of the Rules and Regulations of the Civil Service Commission which reads as follows: 'The Commission may in its discretion withhold certification of an entire payroll if in its opinion a deliberate attempt has been made to circumvent the enforcement of Article XII, Section 13 of the Constitution, the Civil Service Law and these rules.'?

"Seventh: Does Article XII, Section 13 of the Constitution of Colorado and specifically that part which provides that 'persons in the classified service shall hold their respective positions during efficient service and shall be graded and compensated according to standards of efficient service which shall be the same for all persons having like duties' permit the Civil Service Commission to establish salary schedules or fix salaries as provided in Article IV of the Rules and Regulations of the Civil Service Commission hereinabove quoted?

"Eighth: Does Article XII, Section 13 of the Constitution of Colorado permit the Civil Service Commission to prohibit employees in the classified service from participation in political activity such as prescribed in Sec-

tion 1, Article XV of the Rules and Regulations of the Civil Service Commission hereinabove quoted?"

■ ■ In our opinion, the interrogatories and their stated background fail to disclose that the questions are *important* or that a *solemn* occasion exists within the intent and meaning of the Constitution. Of the foregoing interrogatories, those numbered 1 and 2 relate, not to any projected future action of the Chief Executive, concerning the constitutionality of which he is in doubt, but merely seek approval or disapproval by the Court of executive action already taken which the commission asserts is unconstitutional. If constitutional, it has resulted in a right accruing to the appointee to hold and receive the emoluments of the office to which he has been appointed. He is not represented, has had no opportunity to present his position and be heard in his defense of it, and will have no such opportunity if we answer these interrogatories adversely to him. On the other hand, the commission has had no opportunity to present its contention of unconstitutionality, and will have none if we answer the questions adversely to its position. It is not the function of the Chief Executive, either to install his appointees or to settle any controversy between the appointee and the Civil Service Commission or any disbursing officer of the state as to his appointees' constitutional right to the office or to compensation by virtue of such appointment. Our decision, should we take jurisdiction and answer the interrogatories propounded, after all action has been taken by the Chief Executive giving rise to possible rights concerning which an individual controversy may arise, either approving or disapproving such executive action on constitutional grounds, in effect would be to attempt, without the interested parties being before us, to prejudge a private controversy, which may be brought before us through regular judicial channels.

■ The remaining interrogatories concerning the rules promulgated by the commission, seek to have de-

termined matters which are presently no concern of either the Chief Executive or the Supreme Court. Under article XII, section 13 of the Constitution of Colorado creating the Civil Service Commission and setting forth its functions, certain rule-making power is vested in the commission as follows: "The making and enforcement of rules to carry out the purposes of this amendment and of the laws enacted in pursuance hereof, * * * shall be vested in the commission."

■ The commission, in making rules, is merely exercising one of its constitutional functions. The rules, here the subject of inquiry, relate to employees holding positions under civil service. They, and not the Chief Executive, are primarily concerned with whether the commission in exercising its rule-making function has violated their rights. If those primarily affected by the rules make no complaint, if they consider that their rights are being violated, and seek no relief therefor, it may be, for all the knowledge we now have, that they are satisfied with the rules and concede the commission's authority to make and enforce them. On the contrary, it may be that they are dissatisfied and deny the commission's authority to make or enforce them. If, answering the tendered interrogatories, we approve the rules, and there be some person who feels his rights have been invaded by such rules, we have prejudiced his case adversely, without his having had an opportunity to be heard; and if we disapprove the rules, we have prejudged the case adversely to the commission without its having had its day in court. Should we pass upon the validity of rules promulgated by an administrative board of the state pursuant to constitutional or statutory authority, by answering these interrogatories, the result would be an assertion by us of a right which in our opinion we do not possess, id est, to act in a supervisory capacity over all boards and commissions, with authority, if not to make their rules, at least to nullify those of which we do not approve, in advance

of any actual controversy concerning their validity having arisen or having been presented through the regular judicial channels.

Without further analysis of the situation, the matters stated are sufficient to indicate the vice we would sanction should we assume, as in effect we are requested to do, to prejudge the rights of parties not before us and to approve, to the prejudice of possible future complainants, or disapprove to the prejudice of the commission, rules which it has promulgated in the exercise of a constitutional function, all without the parties primarily interested—the commission, and a person affected and aggrieved by its rules—being before us with opportunity to present their views. Appropriate actions instituted and litigated by actual parties in interest, could bring about a determination of the matters sought to be settled by a mere advisory opinion from us, and when so determined the parties in interest having had their day in court would be bound by the decision. The mere fact that such suits may be imminent, does not constitute, in the constitutional sense, a "solemn occasion" calling for the exercise of a jurisdiction to be properly assumed only under the extraordinary circumstances set forth in the Constitution.

Since it is the constitutional requirement that the Supreme Court "shall give its opinions" to the Chief Executive upon important questions and solemn occasions only, and since we hold that the queries propounded do not come within the constitutional mandate, we are of the opinion that we have no jurisdiction in the premises, and consequently are without authority to answer the interrogatories presented.